UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| NEWMARKETS PARTNERS, LLC,<br>   In its own capacity and derivatively,<br>   as a limited partner in, in the right,<br>   and for the benefit of:<br>CAM NEWMARKETS PARTNERS,<br>LP;<br><br>and<br><br>TOMOKO TATARA,<br>   Derivatively as a member, and<br>   for the benefit of:<br>NEWMARKETS PARTNERS, LLC<br>In the right and for the benefit of:<br>CAM NEWMARKETS PARTNERS,<br>LP,<br><br>                    Plaintiffs,<br>       v.<br><br>SAL. OPPENHEIM JR. & CIE S.C.A,<br><br>CAM PRIVATE EQUITY CONSULTING &<br>VERWALTUNGS GmbH,<br><br>and<br><br>BVT BERATUNGS-, VERWALTUNGS-UND<br>TREUHANDGESELLSCHAFT FUR<br>INTERNATIONALE VERMOGENSANLAGEN<br>MBH,<br><br>                    Defendants. | Case No. 08 CV 4213<br><br>**DISCOVERY PLAN** |

---

1. **Meeting**.

Pursuant to Rule 26 (f) of the Federal Rules of Civil Procedure (the "Federal Rules"), a meeting was held on July 1, 2008 among Bernard Daskal, Esq. and L. Peter Farkas, Esq. for plaintiffs; and James P. Tallon, Esq., Tammy P. Bieber, Esq., and Dev R. Dhamija, Esq. for

defendants Sal. Oppenheim, jr. & Cie, S.C.A. ("Oppenheim"), and CAM Private Equity Consulting Verwaltungs GmbH ("CAM"). These participants also held a follow up conference call on July 2, 2008.

Defendant BVT Beratungs-, Verwaltungs- und Treuhandgesellschaft fur Internationale Vermogensanlagen mbH ("BVT") has not yet been served and did not participate in the Rule 26(f) conference. References herein to the "parties" or "party" refer only to plaintiffs, Oppenheim, and CAM.

The plaintiffs anticipate filing an amended complaint. This discovery plan is consequently subject to revision.

2. **Discovery Plan**.

The parties jointly propose to the Court the following discovery plan:

(A) **Initial Disclosure**.

Initial disclosure pursuant to Rule 26(a)(1) of the Federal Rules should be exchanged by July 25, 2008, subject to further agreement among the parties.

(B) **Subjects of Discovery**.

*Plaintiffs propose the following*:

Plaintiffs intend to conduct discovery on all elements of their claims, including but not limited to: (1) Defendants' conspiracy to enter into a joint venture for the purpose of gaining access to plaintiffs' intellectual property; (2) defendants' misappropriation of plaintiffs' intellectual capital and good will; (3) defendants' misappropriation of plaintiff Tomoko Tatara's person; (4) defendants' submission of false and misleading private placement memoranda to the German Federal Finance Supervisory Authority; (5) defendants' false advertising and unfair competition; (6) confusion in the marketplace created by defendants' misappropriation of

plaintiffs' good will and person; (7) defendants' efforts to delay the launch of the CAM-NMP Core Fund; (8) defendants' creation of conflicts of interest making entry of the CAM-NMP Core Fund into the marketplace impossible; and (9) defendant CAM's bad faith evasion of its joint venture agreement with NMP.

In addition, plaintiffs anticipate amending their complaint to add an additional party and an additional claim; thus, the scope of plaintiffs' discovery will also include all elements of any new claims asserted in their anticipated amended complaint.

At this time, plaintiffs have identified the following corporate representatives they intend to depose:

(1) CAM

(i) Constantin von Dziembowski; (ii) Rolf Wickenkamp; (iii) Eberhard Witt; (iv) Emile an der Burg; and (v) Mirko Jovanovksi

(2) Oppenhiem

(i) Friedrich Carl Janssen; (ii) Stefan Ufer; (iii) Christopher Freiherr von Oppenheim; and (iv) Detlef Bierbaum

(3) BVT

(i) Harald von Scharfenberg; (ii) Andreas Schlath; (iii) Egbert Freiherr von Cramm; (iv) Andreas Graf von Rittberg; and (v) Robert List

***Defendants CAM and Oppenheim propose the following***:

Discovery will address the allegations of the pleadings, including, but not limited to, the allegations regarding the negotiation and performance of the Strategic Alliance Agreement; NewMarkets Partners LLC; CAM-NewMarkets Partners; and BVT's Global Fund and New Market Fund.

**(C) Date for Completion of Discovery**.

The parties respectfully suggest August 3, 2009 as an appropriate fact discovery cutoff

date. Expert discovery, if any, will follow on a schedule to be agreed.

### (D) Procedure for Conducting Discovery.

*Plaintiffs propose the following*:

Unless expressly stated otherwise in this Discovery Plan, the scope and timing of and the procedures for all discovery, including the procedures for obtaining protective orders, shall be in accordance with the Federal Rules, the Local Rules of the Southern and Eastern Districts of New York (the "Local Rules"), and the Individual Practice Rules of Judge Pauley.

*Defendants CAM and Oppenheim propose the following*:

Discovery begins after: (1) the decision on CAM and Oppenheim's motion to dismiss; (2) BVT's appearance in the action; and (3) the parties agree to an appropriate order regarding confidentiality of personal information and commercially sensitive information and requiring, *inter alia*, the return of privileged or otherwise protected documents inadvertently produced by either party.

Once discovery begins, the parties will engage first in document discovery. Following completion of document discovery, the parties will engage in merits depositions of fact witnesses. Following the close of fact discovery, the parties will engage in expert discovery, if any, on a schedule to be agreed.

### (E) Discovery of Electronically Stored Information.

The parties each reserve their rights to seek production of certain electronic documents in native format.

*Plaintiffs propose the following*:

Electronically stored information shall be produced in .pdf format on CD-ROM or flash drive.

*Defendants CAM and Oppenheim propose the following*:

Electronically stored information will be produced as single-page, type 4, TIFF images, with a minimum 300 dpi, with a data file containing document boundaries, attachment boundaries and full text as well as metadata of electronic documents limited to document basic properties.

  (F) **Claims of Privilege**.

Claims of privilege will be made in accordance with Rule 26(b)(5) of the Federal Rules and Rule 26.2 of the Local Rules.

The parties will produce privilege logs 30 days after the completion of document discovery. Privilege logs will identify e-mail chains as a single entry and note that they are chains.

  (G) **Limitations on Discovery**.

*Plaintiffs propose the following*:

The collective number of depositions of all defendants shall not be limited to a total of ten (10) pursuant to Rule 30(a)(2)(A)(i).

All discovery shall be conducted in the English language. Plaintiffs and defendants CAM and Oppenheim shall be required to translate into English any documents produced by them.

*Defendants CAM and Oppenheim propose the following*:

The parties shall adhere to the discovery limits provided in the Federal Rules.

Each party will not be required to translate into English any documents produced by that party.

**(H)** <u>**Orders under FRCP 26(c) or 16(b) and (c)**</u>.

*Plaintiffs propose that the Court direct the following*:

All issues of privilege and confidentiality shall be addressed in accordance with the Federal Rules.

*Defendants CAM and Oppenheim propose that the Court direct the following*:

The court should enter an appropriate order regarding confidentiality of personal information and commercially sensitive information and requiring, *inter alia*, the return of privileged or otherwise protected documents inadvertently produced by either party.

Defendants CAM and Oppenheim believe that subject to agreement among the parties, all depositions will be conducted in the country of residence of the deponent, and in the deponent's native language or, at the option of the deponent, English.

APPROVED AS TO FORM AND CONTENT:

_____  _____
Bernard Daskal, Esq.                              James P. Tallon, Esq.
Lynch Daskal Emery LLP                     Shearman & Sterling LLP
264 West 40th Street                             599 Lexington Avenue
New York, NY 10018                           New York, NY 10022-6069

*Counsel for Plaintiffs*                          *Counsel for Defendants Sal. Oppenheim, jr. & Cie, S.C.A., and CAM Private Equity Consulting Verwaltungs GmbH*

IT IS SO ORDERED:

DATED and DONE this ____ day of _____, 2008

_____
William H. Pauley III
U.S.D.J.