# SHEARMAN & STERLING LLP

599 LEXINGTON AVENUE | NEW YORK | NY | 10022-6069
WWW.SHEARMAN.COM | T +1.212.848.4000 | F +1.212.848.7179

jtallon@shearman.com
212-848-4650

May 27, 2008

> *This Court will hold a pre-motion conference on all proposed motions and will hold an initial pre-trial conference on July 11, 2008 at 9:45 a.m.*
>
> SO ORDERED:
>
> WILLIAM H. PAULEY III U.S.D.J.
> 6/17/2008

Via Hand Delivery

The Honorable Judge William H. Pauley III
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
Room 2210
Courtroom 11D
New York, NY 10007

*NewMarkets Partners, LLC, et al. v. Sal. Oppenheim jr. Cie. S.C.A., et al.*
(Case No. 08-CV-4213) (Filed Under Seal)

Dear Judge Pauley:

We represent defendants Sal. Oppenheim jr. & Cie. S.C.A. ("Oppenheim") and Cam Private Equity Consulting & Verwaltungs GmbH ("CAM") in the above-referenced action. In a letter dated May 21, 2008, CAM and Oppenheim asked this Court to extend the time to file this motion until BVT Beratungs-, Verwaltungs- und Treuhandgesellschaft fur Internationale Vermogensanlagen mbH ("BVT"), who plaintiffs have also named as a defendant, has been served. Should the Court deny that request, CAM and Oppenheim request a pre-motion conference before filing their motion to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Currently, CAM's motion to dismiss is due May 29, 2008 and Oppenheim's is due June 2, 2008.

The planned motion to dismiss argues that plaintiffs have no standing or authority to bring this derivative action, having failed to satisfy the requirements of the relevant LLC and LP agreements, Delaware law and Rule 23.1 of the Federal Rules of Civil Procedure. Tomoko Tatara, a member of NewMarkets Partners, LLC ("NMP"), filed this action derivatively on behalf of NMP, a Delaware Limited Liability Company, and CAM-NewMarkets Partners LP ("CAM-NMP LP"), a Delaware Limited Partnership. This action arises from a Strategic Alliance Agreement between CAM and NMP in which the parties sought to sponsor and manage private equity funds. (Compl. Ex. A at 1.)

---

ABU DHABI | BEIJING | BRUSSELS | DÜSSELDORF | FRANKFURT | HONG KONG | LONDON | MANNHEIM | MENLO PARK | MUNICH
NEW YORK | PARIS | ROME | SAN FRANCISCO | SÃO PAULO | SHANGHAI | SINGAPORE | TOKYO | TORONTO | WASHINGTON, DC

SHEARMAN & STERLING LLP IS A LIMITED LIABILITY PARTNERSHIP ORGANIZED IN THE UNITED STATES UNDER THE LAWS OF THE STATE OF DELAWARE, WHICH LAWS LIMIT THE PERSONAL LIABILITY OF PARTNERS.

NYDOCS04/493197.2

The Honorable Judge William H. Pauley III  May 27, 2008
Page 2

NMP has two members—Ms. Tatara and Marie-France Mathes. (Compl. ¶ 2.) As required by the Delaware Limited Liability Company Act and Rule 23.1, Ms. Tatara, as a member of NMP, must make a demand on the members authorized to bring such action, or demonstrate that it would have been futile to do so before bringing this action in behalf of NewMarkets Partners, LLC. 6 Del. C. § 18-1001. Thus, Ms. Tatara was required to make a demand on Ms. Mathes, and plead with particularity whether that demand was made, excused or refused. (Compl. ¶ 4)

Plaintiffs claim that Ms. Mathes refused to agree to bring an action in NMP's name. (Compl. ¶ 4.) Yet, the complaint is silent as to why that refusal was not a valid exercise of business judgment. As such, Ms. Tatara cannot bring this action on NMP's behalf.

Similarly, CAM-NMP LP, was the vehicle through which CAM and NMP were to conduct their venture. (Compl. Ex. A at 1.) Notwithstanding that the agreement between CAM and NMP required that Ms. Tatara and her partner form the entity in which CAM and NMP were 50/50 partners, they never did so. (Compl. Ex. A ¶ 2.2.5; *id.* ¶ 100.) Instead, CAM-NMP LP is comprised of CAM – NMP GP, LLC, ("CAM-NMP GP"), its general partner, and NMP, its sole limited partner.[1] The only member of CAM-NMP GP is NMP. Plaintiffs allege that because Ms. Mathes refused consent to the NMP action, it would be futile to have made a demand on her to bring an action on behalf of CAM-NMP LP. Nowhere, however, do plaintiffs allege that Ms. Mathes was not disinterest or independent as they must for demand to be excused.

Finally, the Limited Liability Company Agreement of NewMarkets Partners LLC (the "NMP Agreement") requires that such decisions be made "by members possessing 100% aggregate ownership interest." (Compl. ¶ 3.) Thus, for NMP to bring an action or prosecute it on behalf of CAM-NMP LP, both members of NMP must agree to do so. Nowhere does the complaint allege that such agreement was reached.

---

[1] The Complaint alleges that CAM and NMP "each own 50% of [CAM-NMP LP] which is organized and exists under the laws of Delaware." (Compl. ¶ 5.) The effective agreement for CAM-NMP LP, however, establishes that CAM is not a party to that agreement.

The Honorable Judge William H. Pauley III                                    May 27, 2008
Page 3

For these reasons, CAM and Oppenheim would like to move this court to dismiss the action. It is our understanding based on the practice of several Judges in the S.D.N.Y. that the filing of this letter generally serves to stay the timing of our obligations under Rule 12 of the Federal Rules of Civil Procedure until after the pre-motion conference. Accordingly, we would file the motion to dismiss immediately following the pre-motion conference.

Very truly yours,

James P. Tallon

cc:   L. Peter Farkas, Esq. (by facsimile)
      Bernard Daskal, Esq. (by facsimile)