UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEWMARKETS PARTNERS, LLC,
In its own capacity and derivatively, as a limited partner in, in the right, and for the benefit of:
CAM NEWMARKETS PARTNERS, LP;

and

TOMOKO TATARA,
Derivatively as a member, and for the benefit of:
NEWMARKETS PARTNERS, LLC
In the right and for the benefit of:
CAM NEWMARKETS PARTNERS, LP,

Plaintiffs,

v.

SAL. OPPENHEIM JR. & CIE S.C.A,

CAM PRIVATE EQUITY CONSULTING & VERWALTUNGS GmbH,

BVT BERATUNGS-, VERWALTUNGS-UND TREUHANDGESELLSCHAFT FUR INTERNATIONALE VERMOGENSANLAGEN MBH, and

MARIE-FRANCE MATHES

Defendants.

Case No. 08 CV 4213

**DISCOVERY PLAN**

1. **Meeting**.

Pursuant to Rule 26 (f) of the Federal Rules of Civil Procedure (the "Federal Rules"), a meeting was held on August 28, 2008 among L. Peter Farkas and Lawrence G. Lee for plaintiffs; Frederick W. Reif and Debra Tama for defendant CAM Private Equity Consulting Verwaltungs

GmbH ("CAM"); and James P. Tallon and Dev R. Dhamija for defendant Sal. Oppenheim, jr. & Cie, S.C.A. ("Oppenheim"). By agreement, Gary Adler, for defendant Marie-France Mathes ("Mathes"); and Bernard Daskal and Richard S. Toikka, for plaintiffs, participated by phone. Daniel N. Arshack, for defendant BVT Beratungs-, Verwaltungs- und Treuhandgesellschaft fur Internationale Vermogensanlagen mbH ("BVT"), was also present. As a result of the fact that Mr. Arshack was retained on August 27, 2008, Mr. Arshack did not participate in developing this Discovery Plan and BVT is not a signatory to it.

All parties present reserved all their respective rights, claims and defenses including, but not limited to, Defendant Mathes' jurisdictional arguments.

**2. Discovery Plan.**

The parties propose the following discovery plan:

**(A) Initial Disclosure.**

***Plaintiffs propose the following:***

Plaintiffs served their initial disclosures on Defendants CAM and Oppenheim on July 25, 2008 and upon Defendants BVT and Mathes on August 29, 2008. Defendants CAM and Oppenheim shall serve their initial disclosures by September 15, 2008. Defendants BVT and Mathes shall serve their initial disclosures in accordance with the deadlines set forth in Rule 26(a) of the Federal Rules.

***Defendants CAM and Oppenheim propose the following:***

Defendants CAM and Oppenheim will serve initial disclosures by September 15, 2008.

***Defendant Mathes proposes the following:***

Both Plaintiffs' and Defendant Mathes' initial disclosure obligations will be stayed until after the Court rules on jurisdictional issues.

**(B) Subjects of Discovery.**

***Plaintiffs propose the following*:**

Plaintiffs intend to conduct discovery on all elements of their claims, including but not limited to: (1) Defendants' conspiracy to enter into a joint venture for the purpose of gaining access to plaintiffs' intellectual property; (2) defendants CAM, Oppenheim, and BVT's misappropriation of plaintiffs' intellectual capital and good will; (3) defendants CAM, Oppenheim, and BVT's misappropriation of plaintiff Tomoko Tatara's person; (4) defendants CAM, Oppenheim, and BVT's submission of false and misleading private placement memoranda to the German Federal Finance Supervisory Authority; (5) defendants CAM, Oppenheim, and BVT's false advertising and unfair competition; (6) confusion in the marketplace created by defendants CAM, Oppenheim, and BVT's misappropriation of plaintiffs' good will and person; (7) defendants' efforts to delay the launch of the CAM-NMP Core Fund; (8) defendants CAM, Oppenheim, and BVT's creation of conflicts of interest making entry of the CAM-NMP Core Fund into the marketplace impossible; (9) defendant CAM's bad faith evasion of its joint venture agreement with NMP; (10) defendant Mathes' breach of her fiduciary duties to plaintiffs; (11) defendant Mathes' breach of the NMP LLC Agreement; and (12) defendants CAM and BVT's efforts to induce defendant Mathes to breach her fiduciary duties to plaintiffs and breach the NMP LLC Agreement.

At this time, plaintiffs have identified the following corporate representatives they intend to depose:

(1) CAM

(i) Constantin von Dziembowski; (ii) Rolf Wickenkamp; (iii) Eberhard Witt; (iv) Emile an der Burg; and (v) Mirko Jovanovksi

(2) Oppenhiem

(i) Friedrich Carl Janssen; (ii) Stefan Ufer; (iii) Christopher Freiherr von Oppenheim; and (iv) Detlef Bierbaum

(3) BVT

(i) Harald von Scharfenberg; (ii) Andreas Schlath; (iii) Egbert Freiherr von Cramm; (iv) Andreas Graf von Rittberg; and (v) Robert List

(4) Mathes

(i) Marie-France Mathes

***Defendants CAM, Oppenheim and Mathes propose the following*:**

Discovery will address the allegations of all pleadings, including, but not limited to, the allegations regarding the negotiation and performance of the Strategic Alliance Agreement; NewMarkets Partners LLC; CAM-NewMarkets Partners; and BVT's Global Fund and New Market Fund.

**(C) Date for Completion of Discovery.**

The fact discovery cutoff date shall be September 5, 2009, subject to further agreement among the parties and approval of the Court. Alternatively, in the event the Court stays discovery pending resolution of the defendants' anticipated motions to dismiss (plaintiffs oppose any such stay), the fact discovery cutoff date shall be January 15, 2010. Expert discovery, if any, will follow on a schedule to be agreed.

**(D) Procedure for Conducting Discovery.**

***Plaintiffs propose the following*:**

Unless expressly stated otherwise in this Discovery Plan, the scope and timing of and the procedures for all discovery, including the procedures for obtaining protective orders, shall be in accordance with the Federal Rules, the Local Rules of the Southern and Eastern Districts of New

York (the "Local Rules"), and the Individual Practice Rules of Judge William H. Pauley III. Discovery should not be deferred pending defendants' anticipated motions to dismiss.

***Defendants CAM, Oppenheim and Mathes propose the following***:

Discovery should be deferred until the Court rules on the motions to dismiss to be filed by Mathes, CAM, Oppenheim and BVT (if any). Once discovery begins, the parties will engage first in document discovery. Following completion of document discovery, the parties will engage in merits depositions of fact witnesses. Following the close of fact discovery, the parties will engage in expert discovery, if any, on a schedule to be agreed.

**(E) Discovery of Electronically Stored Information**.

The parties each reserve their rights to seek production of certain electronic documents in native format. The format for production of electronically stored information is subject to further negotiations by the parties.

**(F) Claims of Privilege**.

Claims of privilege will be made in accordance with Rule 26(b)(5) of the Federal Rules and Rule 26.2 of the Local Rules.

The parties will produce privilege logs 30 days after the completion of document discovery. Privilege logs will identify e-mail chains as a single entry and note that they are chains.

**(G) Limitations on Discovery**.

***Plaintiffs propose the following***:

The collective number of depositions of all defendants shall not be limited to a total of ten (10) pursuant to Rule 30(a)(2)(A)(i).

All discovery shall be conducted in the English language. Plaintiffs and defendants CAM and Oppenheim shall be required to translate into English any documents produced by them.

***Defendants CAM, Oppenheim and Mathes propose the following*:**

The parties shall adhere to the discovery limits provided in the Federal Rules. Neither CAM , Oppenheim nor Mathes shall be required to translate into English any documents produced by them pursuant to plaintiffs' discovery demands. Defendants CAM , Oppenheim and Mathes believe that subject to agreement among the parties, all depositions will be conducted in the country of residence of the deponent, and in the deponent's native language or, at the option of the deponent, English.

**(H) Orders under FRCP 26(c) or 16(b) and (c).**

Plaintiffs, CAM, Oppenheim and Mathes have agreed to negotiate the terms of a stipulated order governing the treatment of confidential documents and will submit the executed stipulation to the Court on September 5, 2008.

**3. Initial Briefing Schedule**

The parties shall file and serve: (a) defendants' pre-answer motions and plaintiffs' motion for a preliminary injunction by September 15, 2008; (b) responses to such motions by October 15, 2008; and (c) replies to such responses by November 5, 2008.

APPROVED AS TO FORM AND CONTENT:

FARKAS + TOIKKA LLP
Attorneys for *Plaintiffs*

By: ______________________
L. Peter Farkas, Esq.
1101 30th Street, NW
Washington, DC 20007

SHEARMAN & STERLING LLP
Attorneys for *Defendant Sal. Oppenheim, jr. & Cie, S.C.A.*

By: ______________________
James P. Tallon, Esq.
599 Lexington Avenue
New York, NY 10022-6069

BIEDERMANN, REIF, HOENIG & RUFF, P.C.
Attorneys for *Defendant CAM Private Equity Consulting Verwaltungs GmbH*

By: ______________________
Frederick W. Reif, Esq.
570 Lexington Avenue, 16th Floor
New York, New York 10022

ROETZEL & ANDRESS
Attorneys for *Defendant Marie-France Mathes*

By: ______________________
Gary C. Adler, Esq.
1300 Eye Street N.W., Suite 400 East
Washington D.C. 20005

IT IS SO ORDERED:

DATED and DONE this ____ day of ______________, 2008

______________________
William H. Pauley III
U.S.D.J.

APPROVED AS TO FORM AND CONTENT:

FARKAS + TOIKKA LLP
Attorneys for *Plaintiffs*

By: ______________________
L. Peter Farkas, Esq.
1101 30th Street, NW
Washington, DC 20007

SHEARMAN & STERLING LLP
Attorneys for *Defendant Sal. Oppenheim, jr. & Cie, S.C.A.*

By: ______________________
James P. Tallon, Esq.
599 Lexington Avenue
New York, NY 10022-6069

BIEDERMANN, REIF, HOENIG & RUFF, P.C.
Attorneys for *Defendant CAM Private Equity Consulting Verwaltungs GmbH*

By: ______________________
Frederick W. Reif, Esq.
570 Lexington Avenue, 16th Floor
New York, New York 10022

ROETZEL & ANDRESS
Attorneys for *Defendant Marie-France Mathes*

By: ______________________
Gary C. Adler, Esq.
1300 Eye Street N.W., Suite 400 East
Washington D.C. 20005

IT IS SO ORDERED:

DATED and DONE this ____ day of ____________, 2008

______________________
William H. Pauley III
U.S.D.J.

APPROVED AS TO FORM AND CONTENT:

FARKAS + TOIKKA LLP
Attorneys for *Plaintiffs*

By: ______________________
L. Peter Farkas, Esq.
1101 30th Street, NW
Washington, DC 20007

SHEARMAN & STERLING LLP
Attorneys for *Defendant Sal. Oppenheim, jr. & Cie, S.C.A.*

By: ______________________
James P. Tallon, Esq.
599 Lexington Avenue
New York, NY 10022-6069

BIEDERMANN, REIF, HOENIG & RUFF, P.C.
Attorneys for *Defendant CAM Private Equity Consulting Verwaltungs GmbH*

By: ______________________
Frederick W. Reif, Esq.
570 Lexington Avenue, 16th Floor
New York, New York 10022

ROETZEL & ANDRESS
Attorneys for *Defendant Marie-France Mathes*

By: ______________________
Gary C. Adler, Esq.
1300 Eye Street N.W., Suite 400 East
Washington D.C. 20005

IT IS SO ORDERED:

DATED and DONE this ____ day of ______________, 2008

______________________
William H. Pauley III
U.S.D.J.