USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED 5/22/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
NEWMARKETS PARTNERS, LLC, et al.,    :
                                     :
                   Plaintiffs,       :    08 Civ. 04213 (WHP)(THK)
                                     :
        -against-                    :    **ORDER**
                                     :
SAL. OPPENHEIM JR. & CIE. S.C.A.,    :
et al.,                              :
                                     :
                   Defendants.       :
----------------------------------------X

**THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

The Court has considered Plaintiffs' request to compel Defendant BVT Beratungs-, Verwaltungs-Und Treuhangesellschaft Fur International Vermongensanlagen MBH ("BVT") to produce for deposition Harald von Scharfenberg, Andreas Graf von Rittberg, and Andres Schlath. Both Mr. von Scharfenberg and Mr. von Rittberg are senior executives at BVT. BVT maintains that the two men were not personally involved in any substantial way in the matters at issue in this case, and do not have any relevant knowledge that lower-level employees do not also possess. Moreover, on certain matters at issue, such as the corporate structure of BVT and its affiliates, BVT avers that there may be documentary evidence sufficient to establish the information Plaintiffs seek.

In the Court's opinion, it would be premature to order BVT to produce Mr. von Scharfenberg or Mr. von Rittberg for deposition at this time, given that BVT has indicated a willingness to provide Plaintiffs with the desired information through other means.

Accordingly, Plaintiffs should first attempt to obtain that information through requests for document discovery, interrogatories, and the deposition of other witnesses. In this respect, BVT is directed to comply with Plaintiffs' reasonable requests in good faith. This ruling is without prejudice to Plaintiffs renewing their application to depose the two individuals at a later time, upon a showing of reasonable need.

Plaintiffs' request to compel BVT to produce Mr. Schlath for deposition is denied. Plaintiffs do not dispute that Mr. Schlath is an officer not of BVT, but of its non-party corporate affiliate BVT Holding. "Pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, a specific officer, director, or managing agent of a corporate party may be compelled to testify pursuant to a notice of deposition." JSC Foreign Economic Ass'n Technostroyexport v. Int'l Dev. and Trade Servs., Inc., 220 F.R.D. 235, 237 (S.D.N.Y. 2004); see 8 Charles Alan Wright et al., Federal Practice and Procedure § 2103 (2009). Mr. Schlath, of course, is not an officer or director of BVT, and does not qualify as a managing agent of BVT simply by virtue of the fact that he is an officer of BVT Holding. Furthermore, although Mr. Schlath appears to be involved in this litigation, his involvement does not suffice as a basis for deeming him to be a managing agent of BVT. See Wright et al., supra at § 2103 (discussing factors for deeming an employee to be a managing agent of a party). Mr. Schlath must therefore be "treated as any other non-party witness," and because he "is

2

overseas, the procedures of the Hague Convention or other applicable treaty must be utilized." <u>Dubai Islamic Bank v. Citibank, N.A.</u>, 99 Civ. 1930 (RMB)(THK), 2002 WL 1159699, at *2 (S.D.N.Y. May 31, 2002).[1]

Accordingly, it is hereby ORDERED that (i) Plaintiffs' request to compel the deposition of Mr. von Scharfenberg and Mr. von Rittberg is denied without prejudice, (ii) Plaintiffs are directed to seek the desired information from BVT via document requests, interrogatories, and the deposition of other witnesses, and (iii) BVT is not required to produce Mr. Schlath to be deposed by Plaintiffs.

SO ORDERED.

THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: May 22, 2009
       New York, New York

---

[1] Plaintiffs point out that some courts have required corporations to produce employees of a party's foreign corporate affiliate for deposition. However, as authority for doing so, these cases have expanded the doctrine that corporations may be deemed to have "custody" or "control" over documents in the possession of a foreign affiliate for purposes of Rule 34(a)(1) of the Federal Rules of Civil Procedure. <u>See</u> <u>Alcan Intern. Ltd. v. S.A. Day Mf'g Co.</u>, 176 F.R.D. 75, 78 (W.D.N.Y. 1996) (citing cases discussing Rule 34). This Court declines to adopt such an approach.